*647 MEMORANDUM **
Armando Samperio-Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. Ghahremani v. Gonzales, 498 F.3d 993, 998 (9th Cir.2007). We review for abuse of discretion the denial of a motion to reopen, Castillo-Perez v. INS, 212 F.3d 518, 523 (9th Cir.2000), and we grant the petition for review and remand for further proceedings.
The BIA denied Samperio-Lopez’s motion to reopen in part because Samperio Lopez failed to comply fully with the procedural requirements contained in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). However, where the record demonstrates a clear and obvious case of ineffective assistance, full compliance with Lozada may be excused. See Castillo-Perez, 212 F.3d at 525-26; see also Rodriguez-Lariz v. INS, 282 F.3d 1218, 1227 (9th Cir.2002) (attorney’s failure to file a timely application for relief presents a “clear and obvious case of ineffective assistance”). Samperio-Lopez has substantially complied with Lozada by demonstrating that an adequate record exists to examine his claim and that his complaint is a legitimate and substantial one. The BIA erred when it determined otherwise. See Castillo-Perez, 212 F.3d at 526.
The BIA also determined that Samper-io-Lopez cannot establish prejudice because his failure to provide fingerprints in advance of his removal hearing was a sufficient ground to deem his relief application abandoned. The BIA, however, did not have the benefit of our intervening decision in Cui v. Mukasey, 538 F.3d 1289 (9th Cir.2008), which held that the denial of a continuance for fingerprint processing pri- or to April 2005 may be an abuse of discretion. See also Karapetyan v. Mukasey, 543 F.3d 1118, 1129-32 (9th Cir.2008).
We therefore remand for the BIA to reconsider Samperio Lopez’s motion to reopen.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.